IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED MEDICAL, LLC,

    *Plaintiff*,

v.

AETNA LIFE INSURANCE CO.,

    *Defendant*.

No. 20-1442-SB

---

Adam L. Balick, Melony Anderson, BALICK & BALICK, LLC, Wilmington, Delaware.

*Counsel for Plaintiff*.

Jonathan M. Stemerman, ELLIOTT GREENLEAF, P.C., Wilmington, Delaware; Stewart J. Greenleaf, Jr., ELLIOTT GREENLEAF, P.C., Blue Bell, Pennsylvania.

*Counsel for Defendant*.

---

**MEMORANDUM OPINION**

July 12, 2021

BIBAS, *Circuit Judge*, sitting by designation.

If you are trying to sell someone a service, but the negotiations are not going well, you cannot just provide the service anyway and demand money. Because United Medical is trying to do that here, its claim for unjust enrichment fails.

United is a group of healthcare providers. Its goal is to keep healthcare costs down. For example, it steers patients away from redundant treatments and urges them to get preventive care. Thanks to these efforts, the patients and their insurers save money. First Am. Compl., D.I. 7, ¶¶ 3, 5–6.

United wanted to capture some of those savings. So it tried to work out a deal with Aetna, under which the insurer would pay United to keep down costs. *Id.* ¶ 20. But its negotiations with Aetna fell through. Still, United decided to run its cost-saving programs anyway. *Id.* ¶¶ 20–22. It then sued Aetna for the money it has hoped to get in the negotiations, claiming unjust enrichment. Aetna has moved to dismiss.

I will grant the motion. Perhaps Aetna has been enriched by United's efforts. But to win, United must prove that the enrichment was *unjust*. *Metcap Sec. LLC v. Pearl Senior Care, Inc.*, 2009 WL 513756, at *5 (Del. Ch. 2009). So far, it does not even plausibly allege that. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

If "a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched." *Metcap*, 2009 WL 513756, at *9 (quoting Restatement (First) of Restitution § 2 cmt. a). Thus, a plaintiff cannot get restitution if he gives someone a benefit hoping to charge for it later. *See, e.g., Grunstein v. Silva*, 2014 WL 4473641, at *35–36 (Del. Ch. 2014) (holding that when a businessman

2

helped with a deal because he hoped to form a partnership, he could not sue for unjust enrichment when the partnership fell through). That is what happened here. Although the companies "had not completed their negotiations," United "gambled that [they] would be able to do so." *Id.* at \*35. "That [United] was ultimately unsuccessful[] does not mean that [Aetna] was unjustly enriched." *Id.* at \*35–36.

True, United claims that Aetna made "promises" that tricked it into offering some cost-saving programs. First Am. Compl. ¶ 12. But I cannot credit this conclusory allegation unless United backs it up with plausible facts. *Twombly*, 550 U.S. at 555–56. United's allegations instead *refute* that Aetna made any promises. As United explains, Aetna said only "that it was moving *toward* an agreement to compensate [United]." First. Am. Compl. ¶ 12 (emphasis added). For example, Aetna asked United for information to calculate a price, but never offered a price. *Id.* ¶ 14. Ultimately, the parties "never made any substantive progress towards a[n] … agreement," and Aetna ended the talks. *Id.* ¶¶ 17, 19.

Perhaps Aetna made some other, more concrete promise to pay. But United has not yet mentioned one. For now, all it has alleged is an "agreement to agree." That is not enough. *Heritage Homes of De La Warr, Inc. v. Alexander*, 2005 WL 2173992, at \*3 (Del. Ch. 2005).

United has thus failed to plausibly plead that Aetna acted unjustly. So I will dismiss its claim without prejudice.